NADINE S. SAMTER (WA Bar No. 23881)
nsamter@ftc.gov
SARAH A. SHIFLEY (WA Bar No. 39394)
sshifley@ftc.gov (Shifley)
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA  98174
Phone:  206-220-6350/Fax:  206-220-6366
LOCAL COUNSEL
THOMAS J. SYTA (CA Bar No. 116286)
tsyta@ftc.gov
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Phone: 310-824-4324/Fax: 310-824-4380

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br>                —v.—<br><br>TERRY SOMENZI, individually and as an officer of International Advisory Services, Inc., and also doing business as Paulson Independent Distributors, International Procurement Center, Phelps Ingram Distributors, and Keller Sloan & Associates, *et al.*,<br><br>        Defendants. | No.  2:16-cv-07101 SJO (GJsx)<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT IAN GAMBERG**<br><br>Judge:  Hon. S. James Otero |

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 1

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §53(b).   Through counsel, having filed a joint motion, the Commission and Defendant Ian Gamberg ("Gamberg") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendant Gamberg ("Order") to resolve all matters in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that the Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the mass mailing of deceptive cash prize notifications to hundreds of thousands of mostly elderly consumers throughout the United States.

3.     Defendant Gamberg neither admits nor denies the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant Gamberg admits the facts necessary to establish jurisdiction.

4.     Defendant Gamberg waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.     Defendant Gamberg and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.     "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 2

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. **"Defendant"** means Ian Gamberg.

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 3

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

C.     **"Prize Promotion"** means (1) a sweepstakes or other game of chance, or (2) an oral or written express or implied representation that a person has been selected to receive, or may be eligible to receive, or enter a contest to receive, a prize or purported prize, whether in the form of money, merchandise, or anything of value.

D.     The terms **"and"** and **"or"** in this Order shall be construed conjunctively or disjunctively, as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

## I.     PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that, in connection with the marketing, advertising, promotion, labeling, distribution, dissemination, offer for sale or sale of any product or service, Defendant Gamberg, his officers, agents, employees and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, is permanently restrained and enjoined from:

A.     Making or assisting others in making, expressly or by implication, any false or misleading statement or representation of material fact concerning any good or service or the offer of any good or service, including, but not limited to:

1.   Misrepresenting or assisting others in misrepresenting that a consumer has won a prize or will receive anything of value, or that anything of value will be given to a consumer, or the conditions under which anything of value will or may be given; or that a consumer who pays a specified fee will receive a substantial prize; and

2.   Misrepresenting or assisting others in misrepresenting any other fact material to a consumer's decision to participate in a Prize Promotion;

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 4

and

B.    Failing to disclose Clearly and Conspicuously:

1.   That the advertisement, promotion, or offer for sale of any product or service is being distributed for the purpose of soliciting a purchase, if such is the case, along with a complete description of the goods or services being sold and the total purchase price thereof;

2.   That the consumer who receives the advertisement, promotion, or offer for sale has not won anything of value, if such is the case; and

3.   If the consumer has won anything in connection with the advertisement, promotion, or offer for sale, the exact monetary value of the item won;

***Provided, however,*** that nothing contrary to, inconsistent with, or in mitigation of any required disclosure shall be included with any advertisement, promotion, or offer for sale.

## II.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of Eight Hundred Thousand Dollars ($ 800,000.00) is entered in favor of the Commission against Defendant Ian Gamberg, as equitable monetary relief.

B.    Defendant Gamberg is ordered to pay to the Commission One Thousand Four Hundred Dollars ($ 1,400.00).  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.  Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Gamberg's sworn financial statements and related documents

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 5

(collectively "financial representations") submitted to the Commission, namely the Financial Statement of Defendant Gamberg signed on November 21, 2016, including the attachments, bank statements, receipts, and tax returns provided.

D.     The suspension of the judgment will be lifted as to Defendant Gamberg if, upon motion by the Commission, the court finds that Defendant Gamberg failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to Defendant Gamberg in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the unjust enrichment alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## III.   ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Defendant Gamberg relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeabilily complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 6

D.      Defendant Gamberg acknowledges that his Taxpayer Identification Number (Social Security Number or Employer Identification Number), which Defendant Gamberg previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Gamberg, his officers, agents, employees and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant Gamberg obtained prior to entry of this Order in connection with any Prize Promotion; and

B.      Failing to destroy such customer information in all forms in his possession, custody, or control within thirty (30) days after entry of this Order.

***Provided, however***, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V.   COOPERATION

**IT IS FURTHER ORDERED** that Defendant Gamberg must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendant Gamberg must provide truthful and complete information, evidence, and testimony.  Defendant Gamberg must appear for interviews, discovery, hearings, trials, and any other proceedings that a

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 7

Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VI.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Gamberg obtain acknowledgments of receipt of this Order:

A.      Defendant Gamberg, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, Defendant Gamberg, for any business that he is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in any Prize Promotion; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendant Gamberg delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgement of receipt of this Order.

## VII.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Gamberg make timely submissions to the Commission:

A.      One year after entry of this Order, Defendant Gamberg must submit a compliance report, sworn under penalty of perjury:

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 8

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1.  Defendant Gamberg must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant Gamberg's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant Gamberg must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.  Additionally, Defendant Gamberg must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For twenty (20) years after entry of this Order, Defendant Gamberg must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.  Defendant Gamberg must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that Defendant

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 9

Gamberg has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Defendant Gamberg must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services, whether as an employee or otherwise, and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.   Defendant Gamberg must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within fourteen (14) days of its filing.

D.   Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.   Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Terry Somenzi, et al.*, Matter No. X160053.

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 10

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

## VIII.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Gamberg must create certain records for twenty (20) years after entry of the Order, and retain each such record for five (5) years.  Specifically, Defendant Gamberg, for any business that he, individually or collectively with any other named defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     A copy of each unique advertisement or other marketing material.

## IX.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring Defendant Gamberg's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant Gamberg must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 11

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Defendant Gamberg.  Defendant Gamberg must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant Gamberg, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 9th day of February _, 2017.**

_S. Jame Otero_

_____
The Honorable S. James Otero
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 12

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1

2  **FOR PLAINTIFF:**
   **FEDERAL TRADE COMMISSION**
3

4  _____
5  NADINE S. SAMTER
   SARAH A. SHIFLEY
6  Federal Trade Commission
7  915 Second Avenue, Suite 2896
   Seattle, WA  98174
8  (206) 220-4479 (Samter direct dial)
9  (206) 220- 4475 (Shifley direct dial)
   (206) 220-6366 (facsimile)
10 nsamter@ftc.gov
11 sshifley@ftc.gov

12 Local Counsel:
13 THOMAS J. SYTA
   Federal Trade Commission
14 10877 Wilshire Blvd., Suite 700
15 Los Angeles, CA 90024
   (310) 824-4324 (Syta direct dial)
16 (310) 824-4380 (facsimile)
17 tsyta@ftc.gov

18
   Attorneys for Plaintiff
19 FEDERAL TRADE COMMISSION
20

21
   **FOR DEFEDANT IAN GAMBERG:**
22

23

24 _____
   IAN GAMBERG, Individual Pro Se Litigant
25

26

27

28

STIPULATED ORDER AS TO DEFENDANT IAN GAMBERG - 13